No. 734

NIEMAN et v. ELMORE-HARRIS SCHOOL DIST. (Bd. of Ed.)

Ohio Appeals, 6th Dist., Ottawa Co.

Nos. 86, 87. Decided Jan. 26, 1925

458. EMINENT DOMAIN—Statutes being of a remedial nature must be given liberal construction so as to afford relief within power of courts which language of the act indicates the legislature intended to grant.

YOUNG, J.

The Board of Education of Elmore-Harris School District brought an action in the Ottawa Probate Court against Harry and Delia Nieman for the purpose of appropriating seven acres of land owned by the Niemans to be used for school purposes. Upon trial, a verdict was returned for $5100 in favor of Nieman, the amount assessed as compensation.

An appeal was taken to the Ottawa Common Pleas by Nieman and the Board of Education filed a motion to dismiss the appeal, but the motion was overruled. At a subsequent term, however, this judgment was vacated and the motion of the Board sustained. Error was prosecuted to this finding and judgment and injunction. Proceedings were brought to enjoin the Board from taking possession of said property pending the appeal.

The Board of Education contended that the right of appeal in the instant case does not lie and that the statute giving a municipality the right to appropriate property is not applicable to a Board of Education, inasmuch as an election may be made by a municipal corporation as to the court in which to bring its action for such appropriation. The Court of Appeals held:

1. Section 3696 GC., which provides for the appropriation of lands by municipal corporations and 7624 GC., providing for same by boards of education should be construed together.

2. In the eyes of the law there is very little difference, if any, at all between rights of a municipal corporation and a Board of Education in matters of this kind; as both are representatives of the people of the community in which they exist.

3. Section 7624 GC. being of a remedial nature, it must be construed liberally so as to afford all the relief within the power of the court which the language of the act indicates the legislature intended to grant.

4. "Statutes must have a rational interpretation to be collected not only from the words used but from the policy which may be reasonably supposed to have dictated the enactment, and the interpretation should be rigorous or liberal, depending on the interests with which it deals."

5. Judgment on cause No. 87 should be reversed and cause remanded with directions to overrule motion to dismiss the appeal, and for further proceedings. In cause No. 86 the injunction will be granted the Niemans until final conclusion of the appropriation proceedings.

Attorneys—Taber, Chittenden, Northup & Daniels, Toledo, and True & Crawford, Port Clinton, for Nieman; Stahl & Price, Toledo, and Graves & Duff, Port Clinton, for Bd. of Ed.